IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:04-CR-00047-17 |
| v. | MEMORANDUM OPINION |
| DERRICK LASHAWN SMITH | JUDGE NORMAN K. MOON |

On May 26, 2011, Defendant came before the court for a supervised release revocation hearing. For the reasons stated on the record, and as set forth more fully below, I will revoke Defendant's term of supervised release, and sentence him to twenty-four months incarceration, followed by no additional supervision.

Defendant appeared before me for sentencing on July 13, 2006, following a conviction for a violation of the Racketeering Influenced Corrupt Organization statute, 18 U.S.C. §§ 1962(d) and 1963. Given a total offense level of 37, and criminal history category of V, the Federal Sentencing Guidelines provided a recommended term of incarceration in the 324- to 405-month range. Upon consideration of a substantial assistance motion, I sentenced the Defendant to a twenty-four month term, followed by three years of supervised release. In April 2008, I ordered an additional reduction in sentence to nineteen months, in consideration of a retroactive amendment to the Guidelines. Upon release from incarceration, Defendant violated the terms of his supervision. After a revocation proceeding on April 27, 2009, I sentenced him to eighteen months imprisonment, followed by a twelve month term of supervised release. Defendant served the eighteen month term, and is now before the court for a second revocation proceeding.

1

A full statement of the events giving rise to this proceeding is set forth in the violation report dated April 5, 2011. The information contained in the report, viewed in light of the testimony of Probation Officer Michael McHugh, and Charlottesville Detective David J. Harris, supports a finding by a preponderance of the evidence that Defendant has failed to comply with the terms of supervision, namely, violating the law, failing to answer truthfully the inquiries of the probation officer, and failing to work regularly at a lawful occupation. This is a Grade C violation. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 7B.1.1(a)(3). Given a criminal history category of V, the policy statements set forth in the Guidelines provide for a recommended sentence of seven to thirteen months of incarceration. U.S.S.G. § 7B1.4(a).

In determining an appropriate sentence following revocation of supervised release, "the court must consider the policy statements contained in Chapter 7, including the policy statement range, as 'helpful assistance,' and must also consider the applicable § 3553(a) factors." *See* 18 U.S.C. § 3583.[1] The policy statements do not provide for "true 'guidelines' sentences." *United States v. Moulden*, 478 F.3d 652, 656 (4th Cir. 2007). Therefore, unlike in the case of a sentencing proceeding following the original judgment of conviction, a defendant appearing before the court for revocation is not entitled to advanced notice of an "upward departure." *United States v. Shadd*, 275 F. App'x 245, 246 (4th Cir. 2008); *United States v. Ryans*, 237 F. App'x 791 (4th Cir. 2007) (unpublished opinion); *United States v. Taylor*, 78 F. App'x 893 (4th Cir. 2003) (unpublished opinion); *Cf.* Fed. R. Crim. P. 32(h). I note, however, that the violation report suggested that an upward departure may be warranted in this case, because "the original

---

[1] These include "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1); the need "(B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical are, or other correctional treatment . . . .", § 3553(a)(2)(B) – (D); "policy statements issued by the Sentencing Commission" § 3553(a)(4)(B), (a)(5); "the need to avoid unwarranted sentence disparities . . ." § 3553(a)(6); and "the need to provide restitution to any victims . . . ." § 3553(a)(7).

2

sentence was the result of a downward departure (e.g., as a reward for substantial assistance) . . . ." U.S.S.G. § 7B1.4 cmt. 4.

Having consider the factors set forth in 18 U.S.C. § 3553(a), and the advisory policy statements set forth in Chapter 7 of the Guidelines, I find that a sentence of 24 months incarceration, followed by no further supervised release, is sufficient, but not greater than necessary to satisfy the purposes set forth in the statute. This particular sentence is justified by the nature and circumstances of the violation, notably, that the Defendant was untruthful with the probation officer concerning the circumstances of his apprehension by the police near the scene of a murder; that he failed to maintain regular employment; and that he drove on a suspended license, in violation of the law. *See* § 3553(a)(1).[2] I recognize that this is a significant upward departure. However, as Defendant has benefitted from a substantial downward departure in the past, a sentence outside of the advisory range is warranted. U.S.S.G. § 7B1.4 cmt. 4. Moreover, as this is Defendant's second revocation, a strong message must be sent to deter Defendant and those that might follow his example from violating the terms of supervision. *See* § 3553(a)(2)(B).

For the foregoing reasons, I will sentence Defendant to a 24 month term of imprisonment, followed by no further supervised release.

The Clerk of the Court is directed to send a certified copy of this opinion to all counsel of record.

Entered this 3d day of June, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] I note also that the Defendant repeatedly lied to the police concerning his operation of the vehicle in question, and his involvement in the events surrounding his apprehension on February 3, 2011.